UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:25-cv-00147-SKC
(Bankr. No. 20-18118-TBM)

*In re*: SHERRY ANN MCGANN,

     Debtor.

_____

SHERRY ANN MCGANN,

     Appellant,

v.

JEANNE Y. JAGOW, Chapter 7 Trustee,

     Appellee.

---

## OPINION

---

This is an appeal by Appellant-Debtor Sherry Ann McGann from the United States Bankruptcy Court for the District of Colorado. The Court has examined the briefs and the record and determined that oral argument is unnecessary because the facts and legal arguments are adequately presented and oral argument will not materially assist in a decision.

## BACKGROUND

Debtor filed her voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 22, 2020. The bankruptcy estate included Debtor's principal

1

residence located in Grand Lake, Colorado (Property). On her Schedule C, Debtor claimed a homestead exemption on the Property under Colo. Rev. Stat. § 38-41-201(1)(b) in the amount of $105,000. Years later (effective April 7, 2022), the Colorado General Assembly passed SB22-086. The bill increased the amount of the homestead exemption Debtor claimed on her Schedule C from $105,000 to $350,000.

On July 19, 2024, after the Bankruptcy Court conducted an evidentiary hearing, the court entered its Order Granting Motion for Turnover, ruling that the Property was worth $1,000,000 or more, and that after paying liens and subtracting the Debtor's $105,000 homestead exemption, the Property was not of inconsequential value or benefit to the estate. It then authorized turnover of the Property to the Trustee for sale.

On August 12, 2024, Debtor filed a Notice of Amendment (August 2024 Notice) regarding her homestead exemption, noticing her claim to amend the homestead exemption in her Schedule C from the prior $105,000 to the increased $350,000. But because she failed to comply with applicable court rules, the Bankruptcy Court issued a Notice of Deficiency. Meanwhile, on September 11, 2024, the Trustee filed an Objection to Debtor's Amended Claim of Homestead Exemption (Trustee's First Objection) and sought an order denying Debtor's amended homestead exemption claimed in the August 2024 Notice.

On September 24, 2024, the Trustee filed a Motion To Sell Property Free and Clear of Liens Pursuant to 11 U.S.C. §§ 33(b), (f), and (m), and to Pay Customary

2

Closing Costs and to Compensate Real Estate Broker (Sale Motion). Debtor did not object to the Sale Motion; a sale order entered, and the Property was sold. Three days after the Sale Motion was filed, however, and on September 27, 2024, Debtor filed two things: (1) Debtor's Response to Trustee's Objection to Amended Claim of Homestead Exemption; and (2) an Amended Schedule C claiming the increased homestead exemption of $350,000 under Colo. Rev. Stat. § 38-41-201(1)(b), as amended (September 2024 Amended Schedule C).

On October 4, 2024, and after the Debtor failed to *timely* respond to Trustee's First Objection, the Trustee submitted a Certificate of Non-Contested Matter and Request for Entry of Order, requesting the Bankruptcy Court deny Debtor's claim to the increased homestead exemption. Then, on October 25, 2024, the Trustee filed Trustee's Objection/Statement in Response to Duplicative Amendment of Schedule C Asserting Amended Claim of Homestead Exemption (Trustee's Second Objection). There, the Trustee noted that Debtor's filing of the September 2024 Amended Schedule C duplicated her August 2024 Notice and argued both improperly sought to claim the increased homestead exemption.

On November 20, 2024, the Bankruptcy Court issued its Order Regarding Debtor's Homestead Exemption (Homestead Exemption Order). In the Homestead Exemption Order, the Bankruptcy Court ruled (1) Debtor had not properly claimed an increased exemption because she failed to satisfy applicable filing requirements *and* (2) her purported amended Schedule C could not increase the homestead

3

exemption because "Colorado bankruptcy debtors are not entitled to the higher homestead exemption in cases which were filed prior to the new homestead law." (Citing *In re Gomez*, 646 B.R. 523 (Bankr. D. Colo. 2022)). While finding Debtor's amended Schedule C was "procedurally ineffective," the Bankruptcy Court also ruled on the Trustee's First and Second Objections. The Bankruptcy Court "sustain[ed] the First and Second Objections and [found] that the Debtor has not properly claimed, and cannot properly claim, an increased homestead exemption in the [Property] pursuant to Colo. Rev. Stat. § 38-41-201(1)(b) (2022)." It went on to hold that "[t]he Debtor is entitled to exempt only $105,000.00 as her homestead exemption in the [Property] pursuant to the version of Colo. Rev. Stat. § 38-41-201(1)(b) which was in effect at the time of her bankruptcy filing."

On December 2, 2024, Debtor filed yet another notice claiming she was entitled to the increased homestead exemption on her Schedule C. The Trustee opposed this third attempt, and on December 23, 2024, filed an Objection/Statement in Response to <u>Second</u> Duplicative Amendment of Schedule C Asserting Amended Claim of Homestead Exemption (Trustee's Third Objection). Debtor then filed her "Motion of Debtor Sherry Ann McGann for Declaration that Debtor Properly Amended Schedule C Pursuant to the Requirements Set Forth in the Court's Orders Directing Compliance with Rules." On December 31, 2024, the Bankruptcy Court ruled on these filings, applied the law-of-the-case doctrine, and sustained Trustee's Third Objection as follows:

As the Trustee correctly notes, the Court has already definitively ruled that the Debtor cannot properly increase her homestead exemption in the Grand Lake Property from $105,000 to $350,000 by amending Schedule C. (Docket No. 593, the "Homestead Exemption Order.") For the Debtor's ease of review and reference, a copy of the Homestead Exemption Order is attached. The Homestead Exemption Order was not appealed and, as a final order on the issue, represents the law of the case.

The "law of the case" doctrine, like collateral estoppel and res judicata, is a judicially created doctrine designed to limit relitigation of issues already decided. It precludes reargument of an issue already decided earlier in the same case, as opposed to precluding relitigation of an issue or claim already decided in earlier litigation in another case.

\* \* \*

Accordingly, the Court hereby ORDERS the Objection to Second Amendment of Schedule C is SUSTAINED. In accordance therewith, the Court reiterates its prior determination that the Debtor cannot properly claim an increased homestead exemption in the Grand Lake Property pursuant to Colo. Rev. Stat. § 38-41-201(1)(b) (2022). The Debtor is entitled to exempt only $105,000 as her homestead exemption in the Grand Lake Property pursuant to the version of Colo. Rev. Stat. § 38-41-201(1)(b) which was in effect at the time of her bankruptcy filing. *See* Homestead Exemption Order.

Because, as a matter of law, the Debtor cannot have properly amended Schedule C to claim an increased exemption, regardless of whether she has satisfied procedural requirements for amending a schedule, the Court FURTHER ORDERS that the Motion for Declaration is DENIED. To the extent the Debtor or the Trustee requests entry of any additional or further relief, such request is DENIED.

R. App'x 4 at 946-48 (Final Homestead Order).

Debtor now appeals the Final Homestead Order. She argues: (1) "The bankruptcy court erred in holding the pre-2022 Colorado homestead exemption of $105,000 applies to this case, rather than the $350,000 exemption in effect at the time Ms. McGann sought to amend her Schedule C, and therefore erred in denying her

request to amend her Schedule C to reflect the amended exemption[;]" and (2) "[t]he law of the case doctrine did not apply to preclude Ms. McGann from litigating this issue in her December 2024 Schedule C amendment, because the court's prior order denied her amendment for procedural reasons, making its separate retroactivity ruling *dicta*, which cannot be the law of the case." In response, the Trustee argues: (1) the Bankruptcy Court's prior order constitutes the law of the case and Debtor is bound by it; (2) the Bankruptcy Code specifies that the right to exemptions is fixed on the petition date; (3) there is no evidence the Colorado General Assembly intended the changed homestead exemption to have retroactive or retrospective application; and (4) Debtor's arguments on appeal are barred by the doctrine of laches.

## JURISDICTION & STANDARD OF REVIEW

A party may appeal "final judgments, orders, and decrees" of a bankruptcy court to either the district court or a bankruptcy appellate panel. 28 U.S.C. §§ 158(a)(1), (c)(1). *See also In re Home Network Builders, Inc.*, No. CIV 06-3355 RBK, 2006 WL 3419791, at *2 (D.N.J. Nov. 22, 2006) ("This Court has appellate jurisdiction over a final order of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1)."). When a party appeals to the district court, a district court "reviews the bankruptcy court's legal conclusions de novo, its factual findings for clear error, and its discretionary decisions for abuse of discretion." *In re St. Charles*, No. 20-cv-03050-PAB, 2022 WL 168715, at *2 (D. Colo. Jan. 19, 2022) (collecting cases).

6

Debtor timely filed her Notice of Appeal on January 14, 2025, appealing the Bankruptcy Court's December 31, 2024 Final Homestead Order. She elected for this Court to hear her appeal. The Court has jurisdiction over this matter under 28 U.S.C. § 158(a)(1) and Fed. R. Bankr. P. 8005(a).

## ISSUE(S) PRESENTED

While Debtor aims to frame the issue as whether the Bankruptcy Court erred in disallowing her to claim the post-petition increased homestead exemption, the real issue is the one Debtor attempts to skirt by ignoring the Bankruptcy Court's earlier rulings sustaining the Trustee's First and Second Objections. The issue here is whether, considering its November 20, 2024 Homestead Exemption Order, the Bankruptcy Court erred by applying the law-of-the-case doctrine to deny Debtor's subsequent attempt to claim the increased homestead exemption. The Court's review is de novo. *In re Straight*, 248 B.R. 403, 409 (B.A.P. 10th Cir. 2000) (a bankruptcy court's application of preclusive doctrines is reviewed de novo). For the reasons shared in the forthcoming analysis, the Court finds that because the Bankruptcy Court sustained the Trustee's First and Second Objections, and Debtor never appealed that order, Debtor's argument on appeal that she's entitled to claim the post-petition increased homestead exemption is barred by the law-of-the-case

doctrine.[1] The Bankruptcy Court thus committed no error and its decision is AFFIRMED.

## ANALYSIS

When a debtor files for bankruptcy, a bankruptcy estate is created, which "is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Once a Chapter 7 bankruptcy estate is created, the Chapter 7 trustee is then responsible for administering the estate to benefit creditors. *Id.* § 704. The Code, however, allows debtors to "exempt" certain property from the bankruptcy estate under state or federal law. *Id.* § 522(b). States are permitted to opt out of the federal exemptions and limit a resident's exemptions to those allowed under state law. *Id.* Colorado has opted out, so its debtors claim exemptions only under state law. Colo. Rev. Stat. § 13-54-107.

Debtor filed her Chapter 7 bankruptcy petition in December 2020. The applicable homestead exemption under Colorado law at that time, and which Debtor claimed in her Schedule C, was $105,000. In 2022, the Colorado General Assembly amended the law and increased the homestead exemption to $350,000. Colo. Rev. Stat. § 38-41-201(1)(b). At various times, Debtor tried to claim the increased homestead exemption by seeking to amend her Schedule C, but the Bankruptcy Court foreclosed her attempts.

---

[1] Based on the Court's application of the law-of-the-case doctrine, the Court does not reach the other issues raised by the parties on appeal.

The Trustee first placed the question of the validity of Debtor's claim to the increased homestead exemption before the Bankruptcy Court when she filed Trustee's First Objection on September 11, 2024. Although untimely, Debtor filed a response to Trustee's First Objection arguing the Trustee's position that the increased homestead exemption could not be applied retroactively was "flawed for several reasons."[2] The Trustee again placed the issue before the Bankruptcy Court when she filed Trustee's Second Objection on October 25, 2024. In both objections the Trustee argued that Debtor could not claim the post-petition increased homestead exemption because a different exemption existed when Debtor filed the petition. R. App'x 4 at 880 ¶11 ("Debtor is simply not entitled to the 2024 Homestead Exemption. The law in effect on the date she filed her case sets the time at which the debtor's exemption claim made (sic) be asserted."); *id.* at 914 ¶¶5-6 (incorporating Trustee's First Objection by reference).

The Bankruptcy Court sustained both objections with its November 20, 2024 Homestead Exemption Order. R. App'x 4 at 917-23. While first finding Debtor had not properly claimed an increased exemption because her filings did not comply with applicable rules, the Bankruptcy Court went on to address the Trustee's First and Second Objections in a section of that order titled, "**The Debtor's Purported**

---

[2] Those reasons included an argument about passive appreciation that relied on *In re*: *Hyman*, 967 F2d 1316 (9th Cir. 1992), and an argument about "Circumstances Warranting Use of Current Exemption[.]"

**Amended Schedule C Cannot Increase the Homestead Exemption**[.]" *Id.* at

921 (emphasis in original). In that section, the Bankruptcy Court held that

> Colorado bankruptcy debtors are not entitled to the higher homestead exemption in cases which were filed prior to the new homestead law. *In re Gomez*, 646 B.R. 523 (Bankr. D. Colo. 2022) ("The law — including the Colorado Constitution, Colorado statutes, and directly apposite case law — dictates that SB 22-086 cannot be applied retroactively.").

*Id.*[3] Finding *Gomez* to be "precisely on point," the Bankruptcy Court concluded, "[a]s

explained in great detail in *Gomez*, the Debtor cannot seek retroactive application of

Colo. Rev. Stat. § 38-41-201(1)(b), as amended post-petition."[4] And it sustained

Trustee's First and Second Objections holding:

> For the foregoing reasons, the Court sustains the First and Second Objections and finds that the Debtor has not properly claimed, and cannot properly claim, an increased homestead exemption in the Grand Lake Property pursuant to Colo. Rev. Stat. § 38-41-201(1)(b) (2022). The Debtor is entitled to exempt only $105,000.00 as her homestead exemption in the Grand Lake Property pursuant to the version of Colo. Rev. Stat. § 38-41- 201(1)(b) which was in effect at the time of her bankruptcy filing.

---

[3] The Bankruptcy Court also discussed Debtor's reliance on *Hyman*, stating, *"Hyman* does not in any way, shape, or form, stand for the proposition for which Debtor cites it."

[4] In *Gomez*, interpreting the same Colorado statute at issue here, the bankruptcy court held debtors were limited under the Bankruptcy Code's "snapshot" rule to exemptions available under Colorado law on the date of filing the petition; the amendment increasing the standard homestead exemption from $75,000 to $250,000 was not expressly or impliedly intended by the general assembly to apply retroactively; and debtors who claimed the homestead exemption under the earlier version of the statute were not entitled to the higher exemption under the later-amended version. *See generally Gomez, supra.*

*Id.* at 923. So, by the time Debtor filed yet another Notice of Amendment on December 2, 2024, again claiming the increased homestead exemption, the Homestead Exemption Order was a final order subject to appeal. *Clark v. Brayshaw (In re Brayshaw)*, 912 F.2d 1255, 1256 (10th Cir. 1990) ("[g]rant or denial of a claimed exemption is a final appealable order from a bankruptcy proceeding"); *see also In re Nieves Guzman*, 567 B.R. 854, 861 (B.A.P. 1st Cir. 2017) ("A bankruptcy court's order sustaining an objection to a debtor's claimed exemption is a final, appealable order."). Debtor never appealed the Homestead Exemption Order.

When the Trustee filed her new objection to Debtor's December 2 filing, the Trustee argued (in relevant part) the law-of-the-case doctrine applies and "it is clear that the Debtor is bound by the Homestead Exemption Order." The Bankruptcy Court sustained the Trustee's objection to Debtor's December 2 filing, finding and ruling: (1) "the Court has already definitively ruled that the Debtor cannot properly increase her homestead exemption . . . from $105,000 to $350,000 by amending Schedule C[;]" (2) "[t]hroughout the Second Amended Schedule C, the Debtor is improperly trying to relitigate exact (sic) the same homestead exemption issue again and again contrary to the law of the case doctrine[;]" (3) "[i]n accordance therewith, the Court reiterates its prior determination that the Debtor cannot properly claim an increased homestead exemption in the . . . Property pursuant to Colo. Rev. Stat. § 38-41-201(1)(b)[;]" and (4) "[t]he Debtor is entitled to exempt only $105,000 as her homestead exemption . . . pursuant to the version of Colo. Rev. Stat. § 38-41-201(1)(b)

11

which was in effect at the time of her bankruptcy filing." The Bankruptcy Court also denied Debtor's motion for a declaration that she could properly claim the increased exemption, holding: "[b]ecause, as a matter of law, the Debtor cannot have properly amended Schedule C to claim an increased exemption, *regardless of whether she has satisfied procedural requirements for amending a schedule*, the Court FURTHER ORDERS that the Motion for Declaration is DENIED." (Emphasis added.)

Debtor's arguments on appeal concerning retroactive application of the amended homestead exemption sidestep the Bankruptcy Court's ruling on the merits in the Homestead Exemption Order and the fact that the court sustained the Trustee's First and Second Objections. For example, in appealing the Bankruptcy Court's later, Final Exemption Order, Debtor argues the law-of-the-case doctrine did not apply "because the court's prior order denied her amendment for procedural reasons, making its separate retroactivity ruling *dicta*, which cannot be the law of the case." But that's simply not true regarding the bases of the Homestead Exemption Order.

As discussed above, the Homestead Exemption Order expressly resolved and sustained two objections filed by the Trustee to Debtor's attempt to claim the post-petition increase to the homestead exemption. The Homestead Exemption Order did not solely deny Debtor's amendment "for procedural reasons," but it went on to address the merits of the Trustee's First and Second Objections; sustained both objections after analyzing Debtor's opposing arguments; and held "the Debtor has not

12

properly claimed, *and cannot properly claim*, an increased homestead exemption[.]" (Emphasis added).

The law-of-the-case doctrine "developed to maintain consistency and avoid reconsideration of matters once decided in the course of a single continuing lawsuit." *Kennedy v. Lubar*, 273 F.3d 1293, 1298 (10th Cir. 2001) (quoting 18 Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction § 4478, at 788 (1981)). The doctrine is "solely a rule of practice and not a limit on the power of the court." *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1553 (10th Cir. 1991) (citing *Messinger v. Anderson*, 225 U.S. 436, 444 (1912)). It "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991) (cleaned up). The reason is "to promote both judicial efficiency and the public policy that litigation should come to an end, and the doctrine is designed to quickly resolve disputes by preventing continued reargument of issues already decided." *In re Buckner*, 218 B.R. 137, 142 (B.A.P. 10th Cir. 1998).

In the face of the Trustee's First and Second Objections, Debtor had a full and fair opportunity to make her arguments in favor of claiming the post-petition, increased homestead exemption. She in fact did so in response to Trustee's First Objection by filing her "Response to Trustee's Objection to Amended Claim of Homestead Exemption." R. App'x 4 at 892-95. There she argued the Trustee's objection to retroactively applying the amended state law was "flawed for several

reasons," and she argued those reasons. *See Smith Mach. Co. v. Hesston Corp.*, 878 F.2d 1290, 1293 (10th Cir. 1989) (collecting cases and conditioning invocation of law of the case on a party's prior opportunity to have fully and fairly presented and argued its claims). The issue was thoroughly considered by the Bankruptcy Court not with *dicta*, but with analysis and findings that were central to the question of retroactive application of the amended homestead exemption—all raised by the record before the Bankruptcy Court in Trustee's First Objection, Debtor's Response opposing the Trustee's First Objection, and Trustee's Second Objection. *Cf.* DICTUM, Black's Law Dictionary (12th ed. 2024) ("gratis dictum . . . A court's discussion of points or questions not raised by the record or its suggestion of rules not applicable in the case at bar.").

While Debtor's procedural compliance with the requirements to properly amend her Schedule C was before the Bankruptcy Court, so too was the legal issue of applicability of the post-petition increase to the homestead exemption as raised by the Trustee's formal objections. And based on the record before it, nothing required the Bankruptcy Court to first wait for Debtor to get her amended Schedule C procedurally correct before addressing the elephant in the room. *See, e.g.*, Fed. R. Bank. P. 1001(a) ("These rules, together with the Official Bankruptcy Forms . . . must be construed, administered, and employed by both the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding.").

14

## CONCLUSION

For the reasons shared above, the Court finds based on its de novo review that because the Bankruptcy Court sustained the Trustee's First and Second Objections in its Homestead Exemption Order, and because Debtor never appealed that order, Debtor's argument on appeal is barred by the law-of-the-case doctrine. The Bankruptcy Court thus committed no error and its decision is AFFIRMED.

DATED:    May 27, 2026

BY THE COURT:

S. Kato Crews
United States District Judge

15